Franco TRIPODI, Plaintiff,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.

No. 79-C-188.

United States District Court, E.D. New York.

Jan. 31, 1984.

Scheine, Fusco & Brandenstein, P.C., New York City, for plaintiff by Victor Fusco.

Raymond J. Dearie, U.S. Atty. E.D.N.Y., Brooklyn, N.Y., for defendant by Roger Field, Asst. U.S. Atty., Brooklyn, N.Y.

## MEMORANDUM and ORDER

WEINSTEIN, Chief Judge:

Plaintiff seeks attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1). The government opposes an award of fees on the ground that the petition was not timely filed and, alternatively, asserts that its position was substantially justified, thereby precluding a fee award. Since the petition was filed within the required time period, and since the government's position was not substantially justified, fees are awarded.

## I. FACTS

Franco Tripodi, a skilled tailor with a sixth grade education and limited ability to converse in English, suffered a back injury in 1973. Soon after injuring his back, Mr. Tripodi began to experience psychiatric problems, variously described by his treating physicians as depression, traumatic neurosis and conversion hysteria.

The plaintiff applied for disability benefits following his back injury, and for supplemental benefits in 1975 in connection with his psychiatric problems. He was unsuccessful.

He applied again for benefits in 1977. This application was denied, but he filed for reconsideration. After a hearing, the Administrative Law Judge denied benefits and the Appeals Council affirmed. Plaintiff appealed to this court.

The court determined that the Administrative Law Judge had based his decision,

at least in part, on the report of Dr. Luis Perelman, who had examined Mr. Tripodi and had submitted his report subsequent to the hearing before the Administrative Law Judge. Although Mr. Tripodi was given an opportunity to respond in writing to Dr. Perelman's report, he was not provided with an opportunity to cross-examine the doctor. The court ordered the case remanded to afford plaintiff an opportunity to cross-examine the doctor. The order required the Secretary "to decide upon the completed record" and directed the Clerk of the Court to mark the case closed.

By the time the Appeals Council ordered a new hearing, Dr. Perelman had died. The Administrative Law Judge appointed another medical consultant, Dr. Rita Clark. She did not examine Mr. Tripodi, but gave testimony based on the documentary evidence presented at the earlier hearing. Dr. Clark corroborated the medical evidence which had been presented by Dr. Cerulli, Mr. Tripodi's treating psychiatrist, and testified that Mr. Tripodi met the listings for a functional non-psychotic disorder.

The Administrative Law Judge, by decision dated February 26, 1982, awarded Mr. Tripodi benefits for a closed period beginning March 22, 1975 and ending October 1979. Neither Dr. Clark, nor the Administrative Law Judge, found any basis for Dr. Perelman's earlier conclusion that Mr. Tripodi was a malingerer. The Appeals Council adopted the Administrative Law Judge's decision on May 26, 1982. Although the United States Attorney notified the Clerk of the Court that benefits had been awarded in a letter dated July 7, 1982, neither he, nor the plaintiff's attorney, filed papers requesting that the case be dismissed until May 18, 1983, when the plaintiff so moved, and at the same time applied for attorney's fees.

■ The initial application for fees was filed by Mr. Tripodi's attorney on his own behalf. The statute only allows an award of fees to the prevailing *party. See Oguachuba v. Immigration and Naturalization Service,* 706 F.2d 93, 97–98 (2d Cir.1983). Accordingly, the court suggested that plain-tiff's attorney amend the application. By letter dated December 28, 1983, that recommendation was adopted and now it is the plaintiff who is seeking legal fees.

## II. LAW

### A. *Final Judgment*

■ "An application for fees under the Equal Access to Justice Act must be filed within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). The government contends that the fee application is not timely since it was not filed within thirty days of either the remand order, or the Appeals Council's award of benefits.

These contentions are based on an unrealistic view of the procedural situation. Plaintiff could not have filed for fees after the remand order since a party who obtains a remand in a social security disability case is not a prevailing party within the meaning of the Equal Access to Justice Act. *McGill v. Secretary of Health and Human Services,* 712 F.2d 28 (2d Cir.1983).

■ Moreover, a remand order is not a final judgment. Rule 58 of the Federal Rules of Civil Procedure defines "judgment" as "a decree and any order from which an appeal lies." Neither party could have appealed from the remand order. *See Guthrie v. Schweiker,* 718 F.2d 104 (4th Cir.1983) (remand is not final appealable order in social security cases); *Gilcrist v. Schweiker,* 645 F.2d 818 (9th Cir.1981) (remand order does not reach merits; appellate court cannot review until district court enters final order following remand); *MacDonald v. Schweiker,* 553 F.Supp. 536, 539 (E.D.N.Y.1982).

■ This court's order to the Clerk to mark the case closed was an internal housekeeping measure designed to give court administrators a realistic view of current cases requiring attention. It was not a "judgment" as that term is defined in Rule 54(a) of the Rules of Civil Procedure.

■ Nor can the decision of the Appeals Council be deemed a final judgment for

purposes of assessing fees. After the Secretary reaches a decision on remand, the government generally either renews its motion for summary judgment, or moves to dismiss the complaint as moot. Only after the district court disposes of the case can the case be appealed. The result should be the same under the Equal Access to Justice Act. The thirty-day time period begins to run when a final order is entered in the district court dismissing the case. *Accord, Guthrie v. Schweiker,* 718 F.2d 104, 106 (4th Cir.1983). *See also McDonald v. Schweiker,* 726 F.2d 311, 315 (7th Cir.1983) (holding that fee application filed more than thirty days after district court's judgment, but less than thirty days after dismissal of appeal, was timely). The government can start the time running by moving for such an order. Should the application for fees be long delayed, the application may be denied for laches. *See, e.g., Dickey v. Alcoa S.S. Co., Inc.,* 641 F.2d 81, 82–83 (2d Cir. 1981); *City of Rochester v. U.S. Postal Service,* 541 F.2d 967, 977 (2d Cir.1976).

### B. *Substantially Justified*

 The Equal Access to Justice Act requires a court to award fees to a "prevailing party" in an action by or against the United States "unless the court finds that the position of the United States was substantially justified or that circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Plaintiff has prevailed on his claim for benefits and the government does not contest his status as a prevailing party. The government nevertheless maintains its position was substantially justified.

The Second Circuit has not decided the question of whether the Act refers only to the government's position in litigation, or also to the underlying agency action. *See Environmental Defense Fund, Inc. v. Watt,* 722 F.2d 1081, 1085 (2d Cir.1983). *Compare Spencer v. N.L.R.B.,* 712 F.2d 539, 546–57 (D.C.Cir.1983); *Tyler Business Services, Inc. v. N.L.R.B.,* 695 F.2d 73, 75–76 (4th Cir. 1982) (examining only government's litigation position) *with Natural Resources Defense Council, Inc. v. EPA,* 703 F.2d 700,

706–12 (3d Cir.1983) (examining both litigation position and underlying agency action). In any event, in this case, as in most, that distinction is not decisive since the government maintained in this court that the agency's denial was proper. *See Foley Construction Co. v. U.S. Army Corps of Engineers,* 716 F.2d 1202, 1204 (8th Cir.1983).

In *Zimmerman v. Schweiker,* 575 F.Supp. 1436, 1440 (E.D.N.Y.1983), this court held that the government is not substantially justified if private counsel "probably would have advised a client that the matter should not be litigated." In this case, the Administrative Law Judge relied on a medical report submitted *after* the hearing, without giving the plaintiff an opportunity to cross-examine the doctor. This position violated the statute, the Secretary's own regulations, and plaintiff's due process rights. *See Treadwell v. Schweiker,* 698 F.2d 137, 144 (2d Cir.1983); *Cowart v. Schweiker,* 662 F.2d 731, 737 (11th Cir.1981); *Gullo v. Califano,* 609 F.2d 649, 650 (2d Cir.1979) (*per curiam*); *Lonzollo v. Weinberger,* 534 F.2d 712, 714–15 (7th Cir.1976). *Cf. Goldberg v. Kelly,* 397 U.S. 254, 267–68, 90 S.Ct. 1011, 1020, 25 L.Ed.2d 287 (1970). Such a blatant violation does not meet the standard that the government's position be "reasonable in law," *Zimmerman v. Schweiker,* 575 F.Supp. 1436, 1439 (E.D.N.Y.1983), to avoid an award of fees. *See Ocasio v. Schweiker,* 540 F.Supp. 1320, 1323 (S.D.N.Y.1982) ("The Agency's error forced plaintiff and her attorneys into this Court, and their persistence resulted in correction of the error. Denial of fees * * * is inconsistent with the purposes of the Social Security Act and the EAJA."). The government was not substantially justified in its position. Plaintiff is entitled to attorney's fees.

### III. AWARD

 The application seeks fees for 30. 75 hours at $75 an hour for work performed before this court that resulted in the remand order. The court has examined the petition and finds the hours and fee reason-

able. Plaintiff also seeks compensation for 28.5 hours at $50 an hour for preparing the fee application and briefing the issues. Fees are available under the Equal Access to Justice Act for hours spent on the fee application. *See Vega v. Schweiker,* 558 F.Supp. 52, 54 (S.D.N.Y.1983); *Ocasio v. Schweiker,* 540 F.Supp. 1320, 1323 (S.D.N.Y. 1982). The number of hours spent on the fee application, especially when compared with the hours spent securing the remand order, is excessive. Ten hours for preparing the fee application are allowed at $50 an hour.

The total fee granted plaintiff is $2,806.25, the clerk should enter a final judgment for this amount.

SO ORDERED.