751 F.2d 1155
 GOLD KIST, INC., Plaintiff-Appellant,
v.
U.S. DEPARTMENT OF AGRICULTURE, John R. Block, Secretary,
Agricultural Stabilization & Conservation Service,
Merrill D. Marxman and Commodity Credit
Corporation, Defendants-Appellees.
 No. 83-8386.
 United States Court of Appeals,
Eleventh Circuit.
 Jan. 28, 1985.*
 
 Franklin R. Nix, Atlanta, Ga., for plaintiff-appellant.
 Myles Eastwood, Asst. U.S. Atty., Atlanta, Ga., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of Georgia.
 ON PETITION FOR REHEARING
 (Opinion Sept. 6, 1984, 11 Cir., 1984, 741 F.2d 344).
 Before GODBOLD, Chief Judge, HILL and THORNBERRY,** Circuit Judges.
 GODBOLD, Chief Judge:
 
 
 1
 On petition for rehearing the government contends that the following paragraph of the court's opinion, Gold Kist, Inc. v. U.S. Department of Agriculture, 741 F.2d 344, 348-49 (11th Cir.1984), is incorrect:
 
 
 2
 Besides relying on the Secretary's inherent authority to impose administrative sanctions, the Secretary also asserts that Gold Kist's introduction into the domestic market of additional peanuts without first obtaining substitution credits is a violation of section 1359(g), which specifically authorizes imposition of marketing penalties. However, Gold Kist was never charged with having violated section 1359(g) or its companion regulations, 7 C.F.R. Secs. 1446.8(a), 1446.9(d), both of which involve the handling and disposition of additional peanuts.
 
 
 3
 Gold Kist doggedly insists that it was not "charged" with violating Sec. 1359(g) because, although there may have been references to this subsection, it was not charged with engaging in conduct that would constitute a violation. Assuming that Gold Kist was sufficiently "charged," we find that it did not violate Sec. 1359(g).
 
 
 4
 Former section 1359(g) provided as follows:
 
 
 5
 Upon a finding by the Secretary that the peanuts marketed from any crop for domestic edible use by a handler are larger in quantity or higher in grade or quality than the peanuts that could reasonably be produced from the quantity of peanuts having the grade, kernel content, and quality of the quota peanuts acquired by such handler from such crop for such marketing, such handler shall be subject to a penalty equal to 120 per centum of the loan level for quota peanuts on the quantity of peanuts that the Secretary determines are in excess of the quantity, grade, or quality of the peanuts that could reasonably have been produced from the peanuts so acquired.
 
 
 6
 Gold Kist contends that it did not violate this provision because, even though it mistakenly sold additional peanuts into the domestic market, it "had previously exported quota peanuts identical in type, grade, and screen size to those additional peanuts substituted into the domestic market." Therefore it had "ample 'substitution credits' to cover all of the sales of inadvertently miscoded, additional peanuts into the domestic market." Response to Petition for Rehearing at 5.
 
 
 7
 The government contends that the U.S. Department of Agriculture interprets Sec. 1359(a) to mean that "quota peanuts exported simply reduce the total number of quota peanuts that can be sold in the domestic edible market until such time as the handler actually receives an approval, and at that time they become substitution peanuts...." Reply Brief on Petition for Rehearing at 7.
 
 
 8
 We cannot accept the government's interpretation. U.S. v. Larionoff, 431 U.S. 864, 872, 97 S.Ct. 2150, 2155, 53 L.Ed.2d 48 (1977). Assuming, as the government implicitly does, that the grade and quality requirements of Sec. 1359(g) have not been violated, the question is whether Gold Kist marketed peanuts "larger in quantity ... than the peanuts that could reasonably be produced from the quantity of ... quota peanuts acquired by [the] handler from [the] crop for such marketing...." 7 U.S.C. Sec. 1359(g). Thus the quantity that cannot be exceeded is calculated with reference to the quantity of quota peanuts "acquired ... for such marketing." The statute cannot be construed to reduce this quantity because some portion of the quota peanuts so acquired are thereafter exported.
 
 We delete from our opinion the sentence:
 
 9
 However, Gold Kist was never charged with having violated section 1359(g) or its companion regulations, 7 C.F.R. Secs. 1446.8(a), 1446.9(d), both of which involve the handling and disposition of additional peanuts.
 
 
 10
 and in lieu thereof substitute the following:
 
 
 11
 Assuming that Gold Kist was charged with having violated Sec. 1359(g) or its companion regulations, 7 C.F.R. Secs. 1446.8(a), 1446.9(d), both of which involve the handling and disposition of additional peanuts, it did not commit a violation thereof.
 
 
 12
 In all other respects the Petition for Rehearing is DENIED.
 
 
 
 *
 The portions of this opinion which amend the original opinion, found at 741 F.2d 344, were incorporated therein for bound volume
 
 
 **
 Honorable Homer Thornberry, U.S. Circuit Judge for the Fifth Circuit, sitting by designation