**Marcelle JAMES, Plaintiff-Appellant,**

v.

**The UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, et al., Defendants-Appellees.**

No. 85–7274

**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

March 3, 1986.

⇔147

Joseph E. Carr, IV, Henry H. Caddell & John D. Stuebing, Legal Services Corp. of Ala., Mobile, Ala., for plaintiff-appellant.

Edward J. Vulevich, Jr., Asst. U.S. Atty., Mobile, Ala., for defendants-appellees.

Before FAY, JOHNSON and CLARK, Circuit Judges.

CLARK, Circuit Judge:

James appeals from a district court order denying his application for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (1982) (EAJA). Relying on dicta in *Gold Kist, Inc. v. U.S. Department of Agriculture*, 741 F.2d 344 (11th Cir.1984), *modified,* 751 F.2d 1155 (1985), the district court reasoned the fee application was untimely because it was not filed within thirty days of its final judgment.

In order to understand our decision, the following chronological history of pertinent filings will be helpful:

Dec. 28, 1983—Summary judgment memorandum opinion in favor of plaintiff.

Jan. 03, 1984—Final judgment entered.

Jan. 24, 1984—Department of Housing and Urban Development (HUD) filed "Motion for Clarification of Final Judgment and Opinion Dated December 28, 1983."

Feb. 08, 1984—Plaintiff filed application for attorney's fees.

Feb. 24, 1984—HUD filed its notice of appeal to this court.

May 08, 1984—HUD filed notice of dismissal of its appeal to this court.

May 31, 1984—HUD's appeal to this court dismissed.

Mar. 01, 1985—District court denied HUD's motion for clarification—"Motion denied as untimely. *See* Fed.R. Civ.P. 59(e)." (entered in handwriting on page 2 of motion and signed "Emmett R. Cox" (R. 1, 137)).

Mar. 08, 1985—Plaintiff's application for attorney's fees denied as being untimely.

Based on clarifying legislation enacted subsequent to the district court's decision, we conclude James' fee application was timely. We therefore vacate the judgment and remand for a determination of whether James is otherwise entitled to fees under the EAJA.

An application for fees under the EAJA shall be submitted "within thirty days of final judgment in the action...." 28 U.S.C. § 2412(d)(1)(B) (1982). Congress recently charted our course in this case with a clear beacon by adding a definition of "final judgment" to clarify its intent.[1] The recent re-enactment of the EAJA defines "final judgment" as "a judgment that is final and not appealable, and includes an order of settlement." Equal Access to Justice Act, Pub.L. No. 99–80, § 2(c)(2)(G), 99 Stat. 183, 185 (1985). The judgment entered by the court on January 3, 1984 was not a "final judgment" within the meaning of this definition because the defendant filed a notice of appeal from that judgment on February 24, 1984, *after* plaintiff had filed his application for attorney's fees. The examples cited in the legislative history of when the thirty-day period for filing a fee application commences to run, clearly show Congress intended that "final judgment" be interpreted fairly broadly. H.R. Rep. No. 120, 99th Cong., 1st Sess. 18 n. 26, *reprinted in* 1985 U.S.Code Cong. & Ad. News 132, 146 n. 26. For example, "[w]hen the Government dismisses an appeal, the date of dismissal commences the thirty-day period." *Id.* Additionally, a fee application may be filed before a "final judgment." *Id.*[2]

---

1. Prior to this legislation, there was a split of authority as to the meaning of "final judgment" for the purposes of § 2412(d)(1)(B). The Ninth Circuit has held that a subsection (d) application is untimely if filed more than thirty days after entry of the district court judgment. *McQuiston v. Marsh,* 707 F.2d 1082, 1085 (9th Cir.1983) ("a request for attorneys' fees under [§ 2412(d)] is untimely if filed more than 30 days after the district court has entered judgment."). *See also Gold Kist,* 741 F.2d at 349 ("While we agree with [the *McQuiston* court's] construction when the non-government party prevails below, to require a losing party below to file such an application would be senseless."). The Seventh Circuit's interpretation of § 2412(d)(1)(B) as allowing fee applications to be filed within 30 days after the "completion of appellate proceedings," *McDonald v. Schweiker,* 726 F.2d 311, 315 (7th Cir.1983), has been adopted by several circuits. *See, e.g., Feldpausch v. Heckler,* 763 F.2d 229, 232 (6th Cir. 1985) ("application for attorney fees within 30 days of the expiration of the time to appeal was timely."); *Massachusetts Union of Public Hous-*

*ing Tenants, Inc. v. Pierce,* 755 F.2d 177, 180 (D.C.Cir.1985) ("the 30-day period provided for in Section 2412(d)(1)(B) begins to run only when a judgment is 'no longer contestable through the appellate process.'"); *Taylor v. United States,* 749 F.2d 171, 174 (3d Cir.1984) ("fee petitions under the EAJA must be filed no later than thirty days after the expiration of the time to appeal, or after the termination of the litigation by the court of last resort, or after a losing party asserts that no further appeal will be taken.").

2. The legislative history clearly shows that Congress intended the courts to avoid the "overly technical" approach originally taken by the Ninth Circuit in *Auke Bay Concerned Citizen's Advisory Council v. Marsh,* No. 84–3812, slip op. at 1 (9th Cir. Mar. 12, 1985) *withdrawn,* 755 F.2d 717 (May 28, 1985), wherein a fee application under the EAJA was denied solely because it was filed prior to entry of final judgment. *See* H.R.Rep. No. 120, 99th Cong., 1st Sess. 18 n. 26, *reprinted in* 1985 U.S.Code Cong. & Ad.News 132, 146 n. 26. It is noted that the Ninth Circuit

■ There is no question that Congress intended this amendment to apply retroactively. Congress intended that changes in the EAJA that merely clarify existing law should be applied retroactively. H.R.Rep. No. 120, 99th Cong., 1st Sess. 11, *reprinted in* 1985 U.S.Code Cong. & Ad.News 132, 139 ("changes ... which merely clarify existing law are retroactive, and apply to matters which were pending on, or commenced on or after October 1, 1981."). The addition of the "final judgment" definition was a clarification. H.R.Rep. No. 120, 99th Cong., 1st Sess. 18, *reprinted in* 1985 U.S. Code Cong. & Ad.News 132, 146 ("The term 'final judgment' has been clarified to mean a judgment that is final and not appealable, and includes an order of settlement."). Thus, the recent amendment to the EAJA regarding the meaning of "final judgment" applies to the case *sub judice.*

■ Pursuant to this recent legislation, to which the district judge was not privy because it was not enacted until after his decision, James' fee application was timely. His application was filed before the government timely appealed from the adverse decision and, therefore, before the government dismissed its appeal. As we have demonstrated, his application was timely despite its filing prior to a final judgment. Our decision is in accordance with a recent decision by our court in *Taylor v. Heckler,* 778 F.2d 674 (11th Cir.1985), which held that the district court's order dismissing the case was the final judgment within the meaning of § 2412(d)(1)(B). It is obvious from the congressional history that Congress meant for us to interpret "final judgment" in a manner that would require a claimant to file promptly his application for attorney's fees after termination of the litigation, but would at the same time allow a flexible interpretation of the phrase "final judgment." This is especially true since a movant for attorney's fees is faced with great uncertainty as to the options the op-

posing party may exercise after entry of a district court final judgment. When Congress defined "final judgment" as "a judgment that is final and not appealable, and includes an order of settlement," EAJA, *supra* p. 3, at 185, Congress could not have meant a final judgment entered by a district court, pursuant to 28 U.S.C. § 1291. Such a judgment could not be categorized as "not appealable." The judgment in this case was appealed on February 24, 1984. The thirty-day time limit for filing a fee application should serve as a statute of limitations, not as a trap for the unwary.

We interpret Congress' definition of "final judgment" to mean the date on which a party's case has met its final demise, that there is nothing further the party can do to give it life. Since the demise of the case after a district court's judgment depends on some action or inaction on the part of the losing party, the winning party cannot be penalized if it files its application for attorney's fees after entry by the district court of the final judgment but before the losing party elects between filing a Fed.R. Civ.P. 59 post-judgment motion, filing a notice of appeal, or foregoing any further litigation of the case. Thus, a winning party may file his application for fees after the district court judgment but not later than thirty days after the last day the judgment was subject to attack. Here the government dismissed the appeal on May 31, 1984 which commenced the running of the final thirty days. However, appellant had already filed his motion for fees. By way of further example, if the government filed no post-judgment motion and did not file an appeal, the thirty-day limitation period would have commenced running on the day after expiration of the sixty-day period in which the government had to file its appeal.[3]

Accordingly, the district court's judgment is vacated. However, since a litigant's entitlement to fees under the EAJA

---

subsequently found the fee application timely in *Auke Bay Concerned Citizen's Advisory Council,* 779 F.2d 1391 (9th Cir.1986).

3. *See* H.R.Rep. No. 120, 99th Cong., 1st Sess. 18 n. 26, *reprinted in* 1985 U.S.Code Cong. & Ad. News 132, 146 n. 26 for further examples provided by Congress.

is best determined in the first instance by the district court, *Gold Kist,* 741 F.2d at 349–50, the case is remanded for a determination of whether the criteria in 28 U.S.C. § 2412(d)(1)(A) for entitlement to fees are satisfied.

VACATED and REMANDED.