**Rocco A. LA MANNA, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

No. 83–CV–1315.

United States District Court,
N.D. New York.

Jan. 13, 1987.

Joseph M. Broderick, Buffalo, N.Y., for plaintiff.

Frederick J. Scullin, Jr., U.S. Atty., Syracuse, N.Y., for defendant; Nancy S. Jones, Asst. U.S. Atty., of counsel.

## MEMORANDUM–DECISION AND ORDER

McCURN, District Judge.

Pending before the court in the above-captioned case is a motion by Joseph Broderick, attorney for plaintiff Rocco LaManna, for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). On September 15, 1986, while the action was pending before the court, the plaintiff and the defendant, the Secretary of the Department of Health and Human Services, entered into a Stipulation to Remand which stated, *inter alia*, that:

> It is further stipulated and agreed that this action be and hereby is remanded to the Secretary of Health and Human Services pursuant to section 2 of the Social Security Disability Benefits Reform Act of 1984 for review in accordance with the provisions of the Social Security Act as amended by section 2 of the Social Security Disability Benefits Reform Act of 1984.

On September 26, 1986, after the remand, the defendant ruled that the plaintiff was entitled to receive the benefits that he was seeking. Thus having achieved the desired result, the plaintiff's attorney moved for attorney's fees on November 3, 1986.

The defendant asserts that this court is without jurisdiction to award attorney's fees. 28 U.S.C. § 2412(d)(1)(B) provides:

> (B) A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appear-

ing in behalf of the party stating the actual time expended and the rate at which fees and other expenses are computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

It is the position of the defendant that the parties settled the case when they stipulated to a remand, and it was the date of the remand, September 15, 1986, that triggered the running of the thirty-day period set forth in the statute. Since the fees application was not filed until November 3, 1986, the defendant contends that the application is time-barred and the court has no jurisdiction to award fees.

■ While the court is well aware that the thirty-day period during which an attorney's fees application must be filed is jurisdictional; *Allen v. Secretary of Health and Human Services*, 781 F.2d 92 (6th Cir.1986); it disagrees with the defendant that the thirty-day period in the instant case began to run on the date that the action was remanded.

A number of courts have followed the lead of the Second Circuit in holding that a remand is not a final judgment under the statute. *See McGill v. Secretary of Health and Human Services*, 712 F.2d 28 (2d Cir.1983); *Cook v. Heckler*, 751 F.2d 240 (8th Cir.1984); *Brown v. Secretary of Health and Human Services*, 747 F.2d 878, 883 (3d Cir.1984); *Steffens v. Heckler*, 602 F.Supp. 754 (N.D.Ill.1985); *Vascera v. Heckler*, 624 F.Supp. 1198, 1204–05 (D.R.I. 1986). Generally, a court orders a case remanded so that new evidence can be considered, and such a remand only places a plaintiff one step closer toward achieving the relief sought, the award of benefits. At the time of the remand, a plaintiff is not yet a prevailing party.

The defendant contends, however, that there are two types of remands that differ from that addressed in *McGill*, and that such remands do render a plaintiff a prevailing party so as to trigger the running of the thirty-day period. The first type of remand, which the defendant asserts occurred in this case, is when the Secretary, as opposed to the court, is responsible for the remand. The defendant's contention is that when he seeks a remand, that is tantamount to the plaintiff being awarded the benefits sought, so that a plaintiff is a prevailing party at the time of the remand.

The stipulation remanding the action into which the parties entered did not dispose of the action. The parties merely agreed that the case should be sent back to the Secretary for further review. At the time of the remand, the plaintiff did not know whether he would become a prevailing party. It was not until September 26, 1986, when an administrative decision was rendered awarding the plaintiff his benefits, that he achieved the result that he was seeking.

The second type of remand that, according to the defendant, differs from the type in *McGill* is when a court holds that a plaintiff is entitled to receive benefits and only remands the action to the Secretary for computation of those benefits. Under such circumstances, a plaintiff has basically achieved his or her desired result at the time of the remand.

■ However, a fees application cannot be filed until there has been a final judgment, regardless of whether a remand, for all intents and purposes, resolves the action. A final judgment is defined in 28 U.S.C. § 2412(d)(1)(G) as "a judgment that is final and not appealable . . . ." The court now holds that, in order for there to be a final judgment, the court must enter an order dismissing the case, and such an order must be entered even if a plaintiff has been awarded benefits at the administrative level after a remand. *See Tripodi v. Heckler*, 100 F.R.D. 736, 739 (E.D.N.Y. 1984); *Taylor v. Heckler*, 778 F.2d 674, 677–78 (11th Cir.1985); *Guthrie v.*

*Schweiker,* 718 F.2d 104, 106 (4th Cir.1983). Either party may bring about the entry of an order of dismissal by making a motion with the court after the conclusion of the administrative proceedings.

However, the court's examination of the applicable case law here reveals an area of uncertainty and possible confusion to the bar in matters relating to applications for attorney's fees under the Equal Access to Justice Act. The uncertainty revolves around whether the thirty-day period during which the fees application must be filed commences upon the date of entry of the district court's order, as held in *Tripodi, Taylor,* and *Guthrie,* or whether the district court must take into account the possibility of an appeal of its order, and if so, the effect of an appeal on the commencement of the running of the thirty-day period. *See McDonald v. Schweiker,* 726 F.2d 311, 315 (7th Cir.1983); *Massachusetts Union of Public Housing Tenants v. Pierce,* 755 F.2d 177, 179–80 (D.C.Cir.1985); *Feldpausch v. Heckler,* 763 F.2d 229, 230–33 (6th Cir.1985); *Keasler v. United States,* 766 F.2d 1227, 1229–31 (8th Cir. 1985). In light of the definition of a final judgment now contained in the statute, the court adheres to the latter view and adopts the holding of the Third Circuit in *Taylor v. United States,* 749 F.2d 171 (3d Cir.1984):

> [F]ee petitions under the EAJA must be filed no later than thirty days after the expiration of the time to appeal, or after termination of the litigation by the court of last resort, or after a losing party asserts that no further appeal will be taken.

*Id.* at 174.

No final judgment has been entered in the case *sub judice,* first, because an order of dismissal has not been entered, and second, because even after the entry of such an order, it will still be appealable. The court will hold in abeyance the plaintiff's application for attorney's fees and will act on it upon receiving notice that there is a final judgment due to one of the

reasons set forth in *Taylor v. United States.*

IT IS SO ORDERED.