**H. Henry WAGAMAN, Plaintiff,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

**Civ. No. 85–3059.**

United States District Court, D. South Dakota, C.D.

Oct. 26, 1988.

Richard L. Bode, Pierre, S.D., for plaintiff.

Mikal Hanson, Asst. U.S. Atty., Pierre, S.D., for defendant.

## MEMORANDUM OPINION

DONALD J. PORTER, Chief Judge.

Plaintiff H. Henry Wagaman has filed a motion for an award of expenses under the Equal Access to Justice Act (EAJA), codified at 28 U.S.C. § 2412. This court denies Wagaman's motion because Wagaman failed to file his request for expenses within the time limitation contained in § 2412(d)(1)(B).

### I. Facts

In 1984, Wagaman applied for disability benefits, claiming disability since July of 1983 due to a degenerative back condition and associated pain. The Secretary of Health and Human Services initially denied Wagaman disability benefits, and Wagaman appealed to this Court. On July 16, 1986, this Court granted Wagaman's motion for summary judgment and remanded the case both for a reevaluation of Wagaman's complaints of pain and for testimony by a vocational expert on the availability of jobs in the national economy for someone with Wagaman's impairments. On remand, an Administrative Law Judge (ALJ) awarded Wagaman benefits on November 14, 1986. The Appeals Council reviewed the ALJ decision on its own motion and affirmed Wagaman's award on April 16, 1987. The Appeals Council action constituted the Secretary's final decision.

Wagaman on November 3, 1987 moved this Court for an award of attorney's fees and costs under EAJA. In briefing before this court, the litigants primarily have argued whether the Government's position before this Court was "substantially justified" under EAJA.[1] Because plaintiff's expense request was not timely filed pursuant to § 2412(d)(1)(B), this Court need not reach the question of substantial justification.

### II. Discussion

■ The EAJA entitles a prevailing party in a civil suit against the United States to recover expenses associated with a judi-

---

1. In an order filed October 20, 1988, this Court provided Wagaman an opportunity to file a second brief specifically to address when a final judgment under 28 U.S.C. § 2412(d)(1)(B) and § 2412(d)(2)(G) occurred in Wagaman's case. The order also afforded the Government an opportunity to respond if Wagaman filed a brief. On October 26, 1988, Wagaman formally notified this Court that he would not file a brief.

cial appeal if the position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(A). Section 2412(d)(1)(B), however, imposes a time limitation upon an application for expenses by stating:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses....

This thirty day limitation is a "mandatory jurisdictional condition." *Monark Boat Co. v. NLRB*, 708 F.2d 1322, 1327 (8th Cir.1983); *see also* S. 919, S.Rep. No. 98–586, 98th Cong., 2d Sess. 16 (1984) ("... the thirty day deadline for filing the fee application is jurisdictional and cannot be waived."). Therefore, "[f]ailure to submit the application within thirty days of final judgment bars an award under § 2412(d)." *Olson v. Norman*, 830 F.2d 811, 821 (8th Cir.1987); *see also Monark Boat*, 708 F.2d at 1326–27 (since EAJA is waiver of sovereign immunity, limitation in EAJA to be strictly construed). To decide whether Wagaman's application for expenses was timely, this Court must determine when a final judgment occurred.

Section 2412(d)(2)(G) defines "final judgment" as "a judgment that is final and not appealable." Under this definition, a judgment is not final until the expiration of the time during which the losing party can appeal. *See* 1985 U.S.Code Cong. & Ad. News 132, 146 n. 26; *La Manna v. Secretary of Health & Human Services*, 651 F.Supp. 373, 376 (N.D.N.Y.1987). Because

the Government is not entitled to appeal a decision of the Secretary, a ruling by the Secretary in favor of a claimant immediately becomes a final judgment.

The sole avenue of appeal of the Secretary's decision is through 42 U.S.C. § 405. Section 405(h) specifically provides that "[n]o findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as provided [within § 405]." Section 405(g) in turn entitles only an "individual" to appeal the Secretary's decision. The term "individual" cannot be read to encompass the federal government.[2] Therefore, § 405 does not authorize the Government to appeal a social security disability decision by the Secretary. This Court has found no other statute that would entitle the Government to appeal such a ruling.[3] Indeed, the Government has conceded in prior litigation that it is unable to appeal an Appeals Council ruling. *See Stieberger v. Heckler*, 615 F.Supp. 1315, 1360–61 n. 32 (S.D.N.Y.1985), preliminary injunction *vacated sub nom., Stieberger v. Bowen*, 801 F.2d 29 (2d Cir. 1986). Moreover, the Government has an alternative to an appeal available to it in the form of reopening Wagaman's case if error is apparent.[4]

Therefore, the Appeals Council decision awarding Wagaman benefits on April 16, 1987 constitutes the final judgment of the Secretary. *See Gamber v. Bowen*, 823 F.2d 242, 244 (8th Cir.1987); *Cook v. Heckler*, 751 F.2d 240, 241 (8th Cir.1984) (impliedly holding that the receipt of benefits on remand constitutes a final judgment mak-

2. Even if the Government were an "individual" entitled to appeal under § 405(g) from a decision by the Secretary finding disability, the 60 day limitation in § 405(g) on such an appeal would have run by June 16, 1987, still more than 30 days before Wagaman filed his claim under EAJA.

3. Given the explicit language of § 405(h), confining review of a Secretary's ruling, this Court does not believe that the general provision of 28 U.S.C. § 1345 permitting the United States to be a plaintiff in a civil suit entitles the Government to appeal a Secretary's decision.

4. The possibility of a file being reopened does not mean that the Secretary's decision awarding benefits is not a final judgment. Similarly, this

Court disagrees with the suggestion in *LaManna v. Secretary of Health & Human Services*, 651 F.Supp. 373 (N.D.N.Y.1987) that a final judgment does not occur until the federal case is formally dismissed. Because the government cannot appeal a Secretary's decision, the award on remand is of sufficient finality to constitute a final judgment. To hold otherwise would emasculate the thirty day limitation and contravene this Court's obligation to construe strictly the EAJA limited waiver of sovereign immunity. *See Monark Boat*, 708 F.2d at 1326–27. Since it is the practice to remand social security disability appeals without dismissing the case, formal dismissal of a case may never occur. And a favorable decision may be reopened several years after a Secretary's final decision.

ing a claimant a prevailing party under EAJA). Wagaman delayed filing his application for expenses until November 3, 1987, approximately 140 days after the entry of the final judgment. Section 2412(d)(1)(B) places a 30 day limitation on filing for expenses under EAJA. Under these circumstances, § 2412(d)(1)(B) requires this Court to deny Wagaman's motion for expenses.