Joyce L. **HUGHES**, Plaintiff,

v.

Otis R. **BOWEN**, M.D., Secretary, Department of Health and Human Services, Defendant.

Civ. A. No. C 87–0591–L(A).

United States District Court,
W.D. Kentucky,
at Louisville.

Feb. 15, 1989.

Alvin D. Wax and Taustine, Post, Sotsky, Berman, Fineman & Kohn, Louisville, Ky., for plaintiff.

Suzanne Warner, Asst. U.S. Atty., Louisville, Ky., for defendant.

## MEMORANDUM AND ORDER

ALLEN, Senior District Judge.

On April 20, 1988, following the Recommendation of the United States Magistrate, the Court remanded plaintiff's claim to the Secretary. The remand order was not des-

---

**550**

ignated as final, and the civil action remained pending in this Court. On November 21, 1988, defendant moved to dismiss this action due to the Secretary's decision favorable to plaintiff. Plaintiff did not respond, and on December 7, 1988, the Court signed defendant's tendered order. The order of dismissal did not recite that it was final and appealable.

Over thirty days later, on January 12, 1989, plaintiff filed a motion to affirm the October 24, 1988 favorable decision. The United States has objected that the Court is without authority to affirm, and has moved to strike plaintiff's motion.

42 U.S.C. Sec. 405(g) provides, in part, that additional or modified findings and decision of the Secretary are reviewable "only to the extent provided for review of the original findings of fact and decision." The first sentence of the subsection permits "any individual, after any final decision of the Secretary ... [to] obtain a review of such decision by a civil action." The section does not limit a claimant's right to seek review to those circumstances in which the claimant disagrees with the decision.

Nonetheless, there are sound reasons for limiting a claimant's right to seek the review of the District Court to those cases in which the claimant is dissatisfied with the Secretary's decision. Section 405(h) provides that the findings and decision of the Secretary are binding on all parties. If a claimant who was the recipient of a completely favorable decision were permitted to bring an action for "confirmation" in the District Court, there would be serious "case or controversy" concerns.

Consequently, we seriously doubt that it would be appropriate for a successful claimant to initiate review of the favorable decision. In this case, however, there is another reason for rejecting plaintiff's motion. Defendant moved for dismissal following the October 1988 decision, and attached to the motion the decision favorable to plaintiff. Plaintiff elected not to respond, thereby waiving any objection, and the case was closed. There could be no doubt of the finality of the December 7,

1988 dismissal order, since it dismissed every dispute ever pending in this case. A designation that the order was "appealable" would have been unnecessary surplusage, since plaintiff would have no basis for appealing a favorable decision and had waived any objection to closing this case, and defendant would have no basis for appeal, since it was the Secretary who rendered the decision and who moved for dismissal. The December 7, 1988 dismissal was a final judgment, and there is no basis for reopening this case.

Accordingly,

IT IS ORDERED that defendant's motion to strike is overruled.

IT IS FURTHER ORDERED that plaintiff's motion to affirm is overruled.