Doris MYERS, Plaintiff,

v.

Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant.

No. 87–755–Civ–J–12.

United States District Court,
M.D. Florida,
Jacksonville Division.

April 24, 1989.

Julia Beatrice Reed, Jacksonville Area Legal Aid, Inc., Jacksonville, Fla., for plaintiff.

Robert W. Genzman, U.S. Atty., Warren A. Zimmerman, Asst. U.S. Atty., Tampa, Fla., for defendant; Bruce R. Granger, Mack A. Davis, Mary Ann Sloan and Christine Bradfield, Office of Regional Counsel, Dept. of Health & Human Services, Atlanta, Ga., of counsel.

## ORDER DISMISSING ATTORNEY FEE REQUEST

MELTON, District Judge.

This cause is before the Court on the issue of the timeliness of plaintiff's Motion for Attorney's Fees, raised by this Court in its Order to Show Cause, entered March 7, 1989, and by defendant's Motion to Dismiss Plaintiff's Application for Attorney Fees Pursuant to 28 U.S.C. § 2412(d), filed herein on March 13, 1989. Plaintiff's Response to the Court's Order to Show Cause was filed herein on March 15, 1989. Upon consideration of the arguments of the parties as presented in the memoranda, the Court finds that plaintiff's Motion for Attorney's Fees is untimely and should be dismissed.

Because plaintiff seeks an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (Supp. IV 1986), the deadline for an application for fees is established as thirty (30) days after entry of final judgment in an action, *id.* § 2412(d)(1)(B). EAJA is a waiver of the federal government's sovereign immunity and therefore must be strictly construed. *Haitian Refugee Center v. Meese,* 791 F.2d 1489, 1494 (11th Cir.1986). The thirty-day filing deadline is jurisdictional. *Id.* In this case, it would appear that the deadline was not met—depriving the Court of jurisdiction over the application for fees—since the Court's order affirming the decision of the Secretary subsequent to remand and dismissing this action was entered 91 days prior to the filing of plaintiff's Motion for Attorney's Fees. The disposition of the timeliness issue turns on a construction of when the Court's order became "final and not appealable," 28 U.S.C. § 2412(d)(2)(G).

The Eleventh Circuit has directed that an order is a "final judgment" under EAJA on "the date on which a party's case has met its final demise, that there is nothing further the party can do to give it life." *James v. U.S. Dep't of Hous. & Urban Dev.,* 783 F.2d 997, 999 (11th Cir.1986). For this reason, the thirty-day period for filing an EAJA fee petition does not commence until the conclusion of the time during which an appeal may be filed, if the

district court's judgment is appealable. *Id.* This principle, however, does not tack sixty days on to the time for filing petition in every case. For instance, the voluntary dismissal of an appeal already filed will immediately start the EAJA filing period. *Id.* at 998 (citing legislative history).[1] Moreover, a stipulation between the parties that no appeal will be taken also will start the EAJA clock ticking. *Cf. Vitale v. Secretary of Health and Human Servs.*, 673 F.Supp. 1171, 1173 (N.D.N.Y.1987).

The Court's concern, expressed in the Order to Show Cause, stems from language in *Taylor v. Heckler*, 778 F.2d 674 (11th Cir.1985), expressing the opinion that a dismissal entered because the controversy has ended is a final judgment for purposes of EAJA, *see id.* at 677 n. 2, 678 n. 5. The order in this case is precisely the kind contemplated in *Taylor* and so states on its face. The order appears, in every respect, to have marked the final demise of plaintiff's case, with nothing further either party can do to give it life.

Plaintiff initially attempts to distinguish *Taylor* as a minority position inconsistent with EAJA and its legislative history. Yet plaintiff provides no case support critical of *Taylor*, and it has enjoyed the acceptance of other district courts, *e.g., Warner v. Bowen*, 648 F.Supp. 1409, 1410–11 (S.D.Fla. 1986); *Derby v. Bowen*, 636 F.Supp. 803, 805–06 n. 7 (E.D.Wash.1986). Plaintiff argues that *Taylor* departed from the rule of *James*, a difficult task inasmuch as *James* was decided after *Taylor* and expressly recognizes the predecessor opinion as authority to be reconciled. *James*, 783 F.2d at 999. Plaintiff finally suggests that *Taylor* "relied upon a misstatement in the legislative history." Plaintiff's Response to the Court's Order to Show Cause, filed

March 15, 1989, at 6, a rather bold assertion. Indeed, as will soon be clear, it is plaintiff, not the Eleventh Circuit, which misreads the legislative history of the 1985 EAJA amendments.[2]

The propositions stated in *Taylor* do not conflict with any of plaintiff's cited authorities because *Taylor* is resolving a different issue from cases such as *James* or *Papazian v. Bowen*, 856 F.2d 1455 (9th Cir.1988). *Taylor* is describing the status of a limited class of orders issued in Social Security cases. While generally civil cases involving the government may leave open the prospect of an appeal, which thereby extends the filing time for an EAJA fee petition, an order entered in a Social Security case subsequent to remand, for the express purpose of terminating jurisdiction, does not extend the filing time because no prospect of appeal is implicated. The case and controversy ended when the Secretary agreed through administrative channels to all the relief sought by plaintiff. The order in this Court was *pro forma*, a procedural necessity from which no appeal could be taken. In the case submitted as authority by the Secretary in his motion, Senior Judge Charles M. Allen aptly capsulized the position of the parties in this situation:

There can be no doubt of the finality of the ... dismissal order, since it dismissed every dispute ever pending in this case. A designation that the order was "appealable" would have been unnecessary surplusage, since plaintiff would have no basis for appealing a favorable decision and had waived any objection to closing this case, and defendant would have no basis for appeal, since it was the Secretary who rendered the decision....

*Hughes v. Bowen*, 712 F.Supp. 549, 550 (W.D.Ky.1989).

---

**1.** The Court observes that the Supreme Court's opinion in *Pierce v. Underwood*, —— U.S. ——, 108 S.Ct. 2541, 2549, 101 L.Ed.2d 490 (1988), casts a cloud over the value of the House Committee report relied on *James*. This Court does not find any "clear contrary holding" in *Underwood*, however, to call into question the ultimate conclusions of *James*, and therefore the precedent remains binding on this case. *See United States v. Andrews*, 850 F.2d 1557, 1561 n. 13 (11th Cir.1988) (en banc).

**2.** If plaintiff's assertion that Congress misstated itself in the House Committee report is correct, then such errors in expressing intent in extrinsic sources counsels for a return to interpretation of the statutory text, with the consequent eschewing of reliance on committee reports. *See Blanchard v. Bergeron*, —— U.S. ——, ——, 109 S.Ct. 939, 947, 103 L.Ed.2d 67 (1989) (Scalia, J., concurring in part).

The foregoing analysis has been widely applied without extended comment. *E.g., Warner,* 648 F.Supp. at 1411; *Miles v. Bowen,* 632 F.Supp. 282, 283 (M.D.Ala. 1986); *Tripodi v. Heckler,* 100 F.R.D. 736, 739 (E.D.N.Y.1984). Contrary authority is stated by *LaManna v. Secretary of Health and Human Services,* 651 F.Supp. 373 (N.D.N.Y.1987), in which it is stated, without further explanation, that an order of dismissal such as entered in this case would be appealable. *Id.* at 376. Notably, that decision states an express disagreement with *Taylor* on this point. Because this Court is convinced that no controversy exists upon which to base an appeal of its order of dismissal following remand when full relief is granted to plaintiff by the Secretary, and because this proposition flows directly from the binding precedent in the Eleventh Circuit, this Court must respectfully disagree with the *LaManna* decision.[3] *Accord Wagaman v. Bowen,* 698 F.Supp. 187, 189 n. 4 (D.S.D.1988) (criticizing *LaManna* ).

The foregoing analysis should make clear why *Taylor* has not, as plaintiff alleges, misread the committee report that forms the core of the legislative history argument. Although *Pierce v. Underwood,* —— U.S. ——, 108 S.Ct. 2541, 2549, 101 L.Ed.2d 490 (1988), "recently exiled this report to the margin of irrelevance for interpretation of the 'substantially justified' standard," *Spruil v. Bowen,* 691 F.Supp. 302, 305 (M.D.Fla.1988), the definition of "final judgment" in the 1985 EAJA amendments involves a change in the statute such that *Underwood*'s rationale does not disqualify resort to the report as an interpretative tool. Properly read, the House Committee report quickly yields the holding of this Court. Initially, in comments on the effect of the right to appeal,

the report notes that the fee request deadline when no appeal is taken from a decision adverse to the government is not implicated until the time to file a notice of appeal expires. *See* H.R.Rep. No. 120, 99th Cong., 1st Sess. 18 n. 26, *reprinted in* 1985 U.S.Code Cong. & Admin.News 132, 146 n. 26. The emphasis is on "appealable" orders. *Id.* In contrast, when settlement of a proceeding takes place, the deadline is measured from the date the proceeding is dismissed. *Id.* In the next page, the special case of Social Security suits is considered and it is noted that a final judgment on the final decision of the Secretary will usually start the thirty days running. *Id.* at 19, *reprinted in* 1985 U.S.Code Cong. & Admin.News at 148. This is a recognition that dismissal of a case following favorable action to plaintiff on remand is a straight application of the rule for the settlement of a proceeding. *Cf. Illinois Migrant Council v. Pilliod,* 672 F.Supp. 1072, 1074–75 (N.D.Ill.1987) (suggesting, in dicta, that time to file request runs from date of order dismissing action as result of settlement). The facts of the instant case are particularly compelling in this regard, since remand to the Secretary was predicated on the Secretary's representation that full relief was forthcoming—in effect, an offer to settle on plaintiff's terms.

The Court is cognizant that the deadline for filing an EAJA fee request should be treated "as a statute of limitations, not a trap for the unwary." *James,* 783 F.2d at 999. Neither should the statute provide shelter for those who have slept on their rights. Plaintiff moved for an order terminating this Court's jurisdiction and she stated in her motion that she desired the order for the purpose of making an EAJA fee application. Her motion came approxi-

3. In a different context, a district court within this Circuit applied the *James* rule to a court-approved settlement agreement, reasoning that appealable issues were present therein. *See City of Brunswick, Ga. v. United States,* 661 F.Supp. 1431, 1438–39 (S.D.Ga.1987), *rev'd,* 849 F.2d 501 (11th Cir.1988). Three distinctions may be drawn between this case and *City of Brunswick.* First, the order entered in this kind of Social Security case is unique and plainly leaves open no issue to appeal. *Accord Wagaman v. Bowen,*

698 F.Supp. 187, 189 & n. 4 (D.S.D.1988). Second, the *City of Brunswick* case involved a timely filing of an incomplete fee petition, which was merely supplemented after the thirty-day limit expired. *See* 661 F.Supp. at 1439. Last, the Eleventh Circuit ruled that EAJA fees could not be recovered in the litigation because the prevailing party exceeded the statutory net worth limitation, *see* 849 F.2d at 502–03, so the district court's opinion was effectively relegated to the realm of dicta.

1336

mately two months after the Appeals Council of the Social Security Administration decided in her favor. In sum, plaintiff had full command of the decision to seek attorney fees. No trap was laid by the government; plaintiff cannot be described as unwary. Neither can future plaintiffs sitting in a position comparable to plaintiff herein. The Court lacks subject matter jurisdiction to adjudicate the merits of plaintiff's motion. Accordingly, it is

ORDERED AND ADJUDGED:

1. That defendant's Motion to Dismiss Plaintiff's Application for Attorney Fees Pursuant to 28 U.S.C. § 2412(d) is hereby granted; and

2. That plaintiff's Motion for Attorney Fees is hereby dismissed.

DONE AND ORDERED.