**Carl Ray SARGENT, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

Civ. A. No. 6:87–1084–8J.

United States District Court,
D. South Carolina,
Greenville Division.

July 10, 1990.

Constantine S. Christophillis, Greenville, S.C., for plaintiff.

James D. McCoy, III, Asst. U.S. Atty., Greenville, S.C., for defendant.

## ORDER

BLATT, Senior District Judge.

This matter is before the court on the plaintiff's motion for fees and costs pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The record includes the report and recommendation of a United States Magistrate in which the magistrate recommends that the plaintiff be awarded $9,684.66 in attorney's fees and costs. The parties were given proper notice of their right to file objections to the recommendation and of the consequences for failure to do so in a timely manner; in response, the Government filed an objection on December 28, 1989.

■ The report and recommendation of the United States Magistrate was made in accordance with 28 U.S.C. § 636 and the local rules of this district concerning reference to a magistrate. *See United States Magistrates,* Local Rule 19, D.S.C.; *Social Security Cases,* Local Rule 20, D.S.C.; *Bowman v. Bordenkircher,* 522 F.2d 209 (4th Cir.1975). Under 28 U.S.C. § 636(b),

> [a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions.

Absent timely objection from a dissatisfied party, a district court is not required to review, under a *de novo* or any other standard, a magistrate's factual or legal conclusions. *Thomas v. Arn,* 474 U.S. 140, 150, 106 S.Ct. 466, 472, 88 L.Ed.2d 435 (1985). In the present case, the defendant filed an objection; therefore, this court will conduct a *de novo* review of that portion of the magistrate's report to which the defendant has objected.

The defendant objects to the magistrate's finding that Federal Rule of Civil Procedure 6(e) applies to the calculation of the time period in which the plaintiff must file an application pursuant to the EAJA for fees and costs.[1] The defendant argues that the application involved herein is untimely[2]; therefore, the defendant asserts that this court lacks jurisdiction over the application. After reviewing the briefs submitted by the parties, this court is of the opinion that the application for fees and costs pursuant to the EAJA must be dismissed as being untimely.

■ Courts have construed the thirty-day period referred to in 28 U.S.C. § 2412(d)(1)(B) as being a prerequisite to jurisdiction. *See, Haitian Refugee Center, Inc., v. Meese,* 791 F.2d 1489 (11th Cir. 1986); *Allen v. Bowen,* 781 F.2d 92 (6th Cir.1986); *Clifton v. Heckler,* 755 F.2d 1138 (5th Cir.1985). These courts have indicated that the EAJA represents a waiver of sovereign immunity and accordingly, must be strictly construed. Also, in *Monark Boat Co. v. N.L.R.B.,* 708 F.2d 1322 (8th Cir.1983), the court stated that "the statutory language and history of the EAJA supports the [Board's] conclusion that the thirty-day time limitation was a mandatory, jurisdictional condition"[3]; further, in *Monark,* the court refused to apply a regulation[4] similar to Rule 6(e) to allow for an additional three days to file an EAJA application and stated that said allowance would amount to an extension of the thirty-day jurisdictional time limit prescribed by the EAJA. That court also noted that "other courts have consistently refused to interpret Rule 6(e) of the Federal Rules of Civil Procedure, which is substantially identical to 29 C.F.R. § 102.114(a), as allowing extension of jurisdictional time limits."[5] Accordingly, it is this court's opinion that the thirty-day time period in 28 U.S.C. § 2412 must be strictly construed[6] and Rule 6(e) may not be relied upon to add an additional three days to the period in which to file.[7]

■ Having reached this conclusion, the court must next consider the date at which a "final judgment" occurred in this case within the meaning of the statute. Under the statute, final judgment means a "judgment that is final and not appealable, and includes an order of settlement". 28 U.S.C. § 2412(d)(2)(G). Here, the defen-

---

1. The defendant has not objected to the amount of fees and costs that the magistrate recommended; therefore, this portion of the magistrate's report and recommendation is not being reviewed by the court. In the event the court's conclusions as to the timeliness of the application are incorrect, the court alternatively adopts that part of the magistrate's report awarding $9,684.66 in attorney's fees and costs.

2. The plaintiff filed his application for fees and costs on May 12, 1989, thirty-two (32) days after this court entered its final order on April 10, 1989. The parties have referred to the application herein as being filed thirty-one (31) days after the entry of judgment; however, neither disputes that the application was filed more than thirty (30) days after the entry of judgment.

3. In *Monark,* the court referred to Congress' use of the terms "shall" and "requires" in the statute. Further, that court was not receptive to the argument that the EAJA should be construed liberally since it is a remedial statute inasmuch as every waiver of sovereign immunity is remedial.

4. The regulation cited therein was 29 C.F.R. § 102.114(a).

5. The court cited *United States v. Easement and Right-of-Way,* 386 F.2d 769, 771 (6th Cir.1967) and *Carr v. Veterans Administration,* 522 F.2d 1355, 1357 (5th Cir.1975).

6. Even if the thirty-day period were viewed as a statute of limitations, the applicant has offered no reasons why the equitable doctrines of waiver, estoppel, or equitable tolling would apply to excuse his failure to timely file. Further, the applicant has not argued the applicability of, nor sought relief under, FRCP 60(b).

7. Other courts have held that Rule 6(e) does not provide an extension when the action required of a party is not within a prescribed period of time after the service of an order upon him, but rather runs from the date of the order itself. *See, Clements v. Florida E. Coast Ry. Co.,* 473 F.2d 668 (5th Cir.1973). *See also, Peasley v. Armstrong World Industries, Inc.,* 128 F.R.D. 681 (S.D.Fla.1989), stating that the three-day grace period provided under Rule 6(e) is not available in the case of judgments, which are not the subject of "service", whether or not the mails were used to transmit the judgment from the clerk to a party.

dant moved, with consent of the plaintiff, for an order entering judgment in favor of the plaintiff. A consent order was prepared, signed by both parties, and entered by the court on April 10, 1989. At this point, the applicant is asserting that this order is not a "final judgment" since the Secretary had the right to appeal the order until after 60 days of the order. *See,* Plaintiff's Reply, filed June 6, 1989. However, the court disagrees with this assertion. In this court's opinion, an order entered in a Social Security case subsequent to remand, for the express purpose of terminating the litigation, does not extend the filing time since no prospect of appeal is implicated. *See, Myers v. Sullivan,* 710 F.Supp. 1333 (M.D.Fla.1989).[8] The case and controversy ended when the Secretary agreed to all the relief sought by the plaintiff and the plaintiff joined in the Secretary's motion requesting the court to enter judgment on behalf of the plaintiff; therefore, the plaintiff would have no basis of appeal. Similarly, the Secretary would have no basis for appeal since it was the Secretary who rendered the decision and moved for an order entering judgment for the plaintiff here. *See, Myers,* 710 F.Supp. at 1334. The order entered herein more closely resembles an order of settlement which is also within the meaning of "final judgment" under the EAJA. Therefore, in this court's opinion, "final judgment" in this case occurred on April 10, 1989, and the application for fees and costs filed on May 12, 1989, pursuant to the EAJA, was untimely.

For these reasons, the plaintiff's motion for fees and costs pursuant to the EAJA is hereby denied.

IT IS SO ORDERED.

---

8. The Court in *Myers* cited *Taylor v. Heckler,* 778 F.2d 674, n. 2, 678, n. 4 (11th Cir.1985) for that court's opinion that a dismissal entered because the controversy has ended is a final judgment for purposes of the EAJA.