958 F.2d 368
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Florrie A. PADGETT, Plaintiff-Appellant,
v.
U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 90-2243.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 20, 1991.
Decided March 20, 1992.
 
 Appeal from the United States District Court for the District of South Carolina, at Spartanburg. C. Weston Houck, District Judge. (CA-87-3294-7-2H)
 George H. Thomason, Thomason & French, Spartanburg, S.C., for appellant.
 Stuart M. Gerson, Assistant Attorney General, Bruce R. Granger, Chief Counsel, Region IV, Mack A. Davis, Deputy Chief Counsel for Social Security Litigation and Programs, Mary Ann Sloan, Principal Regional Counsel for Social Security Disability Litigation, Haila Naomi Kleinman, Supervisory Assistant Regional Counsel, Christine Bradfield, Assistant Regional Counsel, Ronald L. Paxton, Assistant Regional Counsel, Department of Health and Human Services, Atlanta, Ga., E. Bart Daniel, United States Attorney, Columbia, S.C., for appellee.
 D.S.C.
 AFFIRMED.
 Before SPROUSE and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Florrie A. Padgett appeals from the district court's order dismissing her application for attorney's fees and costs pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (1988). We find that the district court did not err in finding that Padgett's application was untimely filed. Therefore, we affirm.
 
 
 2
 Padgett originally filed this action in the district court seeking review of the denial of her application for Social Security disability benefits. The district court entered an Order of Remand on the motion of the Secretary of Health & Human Services (Secretary) and with Padgett's consent. The Secretary stated that the purpose of the remand was to issue "a decision fully favorable" to Padgett. After the Appeals Council awarded her benefits beginning with her alleged onset date, Padgett moved for the entry of final judgment in the district court. On June 20, 1989, the court entered a post-remand judgment affirming the Secretary's award of benefits. On September 1, 1989, Padgett filed her application for fees and costs. The district court dismissed her application finding that it was not filed within thirty days of the June 20 order as is required to give the court jurisdiction.[1] Padgett claims that all of the issues in this action were resolved favorably to her in Sargent v. Sullivan, No. 90-1521 (4th Cir. Aug. 22, 1991) (unpublished). She asks for a similar ruling. Padgett contends that she had until ninety days after the June 20 order to timely file her application for costs. She contends that pursuant to Fed.R.App.P. 4(a) either party could have filed an appeal from the June 20 order for sixty days afterward and that the thirty-day period to file an application under the EAJA did not begin to run until after the sixty-day period had expired. However, we find that Padgett's case falls within an exception to the sixty-day extension rule. This court recognized this exception in Sargent, although the facts of that case did not warrant its application.
 
 
 3
 In Sargent, the magistrate judge remanded the action for disability benefits to the Secretary after finding that the Secretary's decision was not supported by substantial evidence. After remand, final judgment was entered for Sargent. Sargent failed to file his EAJA application within thirty days of the post-remand order, however. This Court found that because the decision of the magistrate judge was adverse to the Secretary, that the Secretary could possibly have filed an appeal from the final judgment even though he acquiesced in it. Therefore, the sixty-day appeal period was applicable to the post-remand judgment giving Sargent a total of ninety days to file his application from the post-remand judgment.
 
 
 4
 This Court recognized in Sargent that in Myers v. Sullivan, 916 F.2d 659, 672 (11th Cir.1990), the court held that if there was no adverse decision during the district court's proceedings and the Secretary clearly and unequivocally gave notice that he would not appeal, the sixty-day extension would not apply. In Myers, the Secretary gave such notice by stating at the time the case was remanded that he would pay benefits from Myers' date of onset. Myers, 916 F.2d at 662, 679. Thus, the parties had in effect entered into a settlement agreement obviating the otherwise applicable appeal period. Id. at 679.
 
 
 5
 In Padgett's action, the Secretary stated that the purpose of the remand was to issue a decision "fully favorable" to Padgett. This statement and the fact that no adverse decision had been made against the Secretary constituted clear and unequivocal notice to Padgett that the Secretary would not appeal. See Myers, 916 F.2d at 679. No decision adverse to Padgett was made in the district court proceedings either. Therefore, the sixty-day appeal period did not apply to her application. The filing of her application more than thirty days after entry of the post-remand judgment was not timely. The district court properly dismissed her application.[2]
 
 
 6
 Accordingly, the district court's order is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 A party seeking an award of fees and other expenses under the EAJA must submit an application to the court within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). Final judgment is defined as "a judgment that is final and not appealable, and includes an order of settlement." 28 U.S.C. § 2412(d)(2)(G)
 
 
 [2]
 We find La Manna v. Secretary of Health & Human Servs., 651 F.Supp. 373 (N.D.N.Y.1987), to be distinguishable based on its facts