**Ossie SMITH, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**No. 84 Civ. 8798 (RWS).**

United States District Court,
S.D. New York.

June 5, 1990.

Phillips Cappiello Kalban Hofmann & Katz by Elizabeth Blair Starkey, New York City, for plaintiff.

Otto G. Obermaier, U.S. Atty., S.D.N.Y. by Sapna V. Raj, Asst. U.S. Atty., New York City, for defendant.

OPINION

SWEET, District Judge.

Plaintiff Ossie Smith ("Smith") brings this motion for award of attorney's fees pursuant to both Title 28 U.S.C. § 2412 (Equal Access to Justice Act), and Title 42 U.S.C. § 406. For the reasons set forth below, Smith's motion is denied as to the fees requested under the Equal Access to Justice Act, but the motion for fees under the Social Security Act is granted.

*Facts*

Smith was employed as a security guard for the New York City Department of Social Services. In 1974, she suffered on-the-job injuries to her spine when she was caught in an elevator door. These spinal injuries were aggravated in 1980 when she sustained another on-the-job injury while trying to subdue and handcuff a disruptive welfare client. In 1983, Smith's back problems further increased due to a slip and fall accident. Smith's various physicians have

concluded that she is "totally disabled permanently" due to her limited mobility, chronic pain, and mild depression, all stemming from the injury. Consequently, Smith sought Social Security disability benefits for the injuries she sustained in the 1980 incident.

*Prior Proceedings*

Smith applied for Social Security disability benefits on February 25, 1983 for the on-the-job injuries she sustained. Her application was denied initially and again upon reconsideration. In a hearing held in January 1984, an administrative law judge denied Smith's request for disability benefits, maintaining that she was not permanently disabled. In October 1984, the Appeals Council affirmed the denial. At a second hearing in June 1987, Smith's request was again rejected for similar reasons, and in October 1987 the Appeals Council again affirmed, making this denial the final decision of the Secretary of Health and Human Services (the "Secretary").

Smith thereafter commenced an action in this court pursuant to Title 42 U.S.C. Section 405(g), which allows judicial review of the final decisions of the Secretary. In a Stipulation and Order filed April 21, 1989 pursuant to a settlement agreement, both parties agreed to a remand "solely for the calculation of benefits" to which Smith was found to be entitled. The court dismissed the case with prejudice and without costs to either party. This motion for attorney's fees was considered fully submitted as of February 2, 1990.

*The Equal Access to Justice Act*

■ The Equal Access to Justice Act ("EAJA") allows a party prevailing against the United States to recover attorney's fees where the United States acted in bad faith in denying the claim (Section 2412(c)(2)), or where the government's position was not substantially justified (Section 2412(d)(1)(A)). Section 2412(d)(1)(B) of EAJA confers subject matter jurisdiction to federal district courts only if the claimant applies for the fees within thirty days of entry of final judgment. *Allen v. Secretary of Health & Human Serv.*, 781 F.2d

92, 94 (6th Cir.1986); *Dunn v. United States*, 775 F.2d 99, 102–103 (3d Cir.1985); *Clifton v. Heckler*, 755 F.2d 1138, 1144–45 (5th Cir.1985); *Action on Smoking & Health v. Civil Aeronautics Bd.*, 724 F.2d 211, 225 (D.C.Cir.1984); *Tripodi v. Heckler*, 100 F.R.D. 736, 739 (E.D.N.Y.1984) ("[t]he thirty-day time period begins to run when a final order is entered in the district court dismissing the case").

■ Section 2412(d)(2)(G) of EAJA defines "final judgment" as "judgment that is final and not appealable." "In order for there to be final judgment, the court must enter an order dismissing the case, and such order must be entered even if a plaintiff has been awarded benefits at the administrative level after a remand." *La-Manna v. Secretary of Health & Human Serv.*, 651 F.Supp. 373, 375 (N.D.N.Y.1987). The reference point for attorney's fees for EAJA purposes is where the plaintiff prevails in his or her action to obtain benefits because "obtaining benefits ... is the object of a social security claimant's litigation." *McGill v. Secretary of Health and Human Serv.*, 712 F.2d 28 at 30 (2d Cir. 1983).

Smith contends that her application for attorney's fees was within the thirty-day time limit prescribed by Section 2412(d)(1)(B) because the judgment became "final" only after the time had expired for Smith to seek review of the calculation of benefits by the Secretary. Since the benefits were calculated and awarded on October 2, 1989, and since Smith had sixty-five days to seek review of the calculation, Smith argues that any fee application filed between December 7, 1989 and January 6, 1990 is timely.

For EAJA purposes, however, the judgment in this case was "final" upon the April 21, 1989 Remand Order ("Remand Order"). The Remand Order of April 21 specifically stated: "The action is hereby dismissed, with prejudice and without costs to either party" and the Secretary treated the court's decision as final by stipulation that no appeal would be taken. *See Taylor v. United States*, 749 F.2d 171, 174 (3d Cir.1984) ("fee petitions under EAJA must

814

be filed no later than thirty days after ... a losing party asserts that no further appeal would be taken").

Finally, the House Judiciary Committee has maintained that "[i]f a settlement is reached and [a] fee award is not part of the settlement, then the thirty-day period would commence on the date when the proceeding is dismissed pursuant to the settlement ..." H.R.Rep. No. 120, 1st Sess., pt. 1, at 18 n. 26, *reprinted in* 1985 U.S.Code Cong. and Admin.News 132, 146.

Since the case was remanded solely for the calculation of benefits,[1] the dismissal with prejudice by the court pursuant to a settlement agreement, with the stipulation of no further appeal, was a final judgment. Accordingly, the motion for EAJA fees is untimely because Smith was required to file for fees within thirty days of the April 21 date if she wished to recover under the EAJA.

The failure to file within thirty days deprives the court of subject matter jurisdiction to decide whether or not to award attorney's fees under EAJA. Consequently, Smith's arguments in support of her claim that the Secretary acted in bad faith or without substantial justification are not reached.

*The Social Security Act*

■ Smith has also applied for attorney's fees under Title 42 U.S.C. Section 406(b)(1), which awards attorney's fees in social security cases out of the successful claimant's past due benefits. 42 U.S.C. § 406(b) states that upon issuance of a favorable judgment, a court may award a reasonable fee not to exceed twenty-five percent of the past due benefits. 42 U.S.C. § 406(b).

Smith's attorney's office customarily charges $100 per hour to social security claimants. Since Smith's attorney expended 59.25 hours to secure the disability bene-

fits, Smith requests $5925 in attorney's fees under the Social Security Act. Given the results achieved, the time expended, and the risks associated with contingency, Smith, as a prevailing party, may recover these reasonable fees. *See Wells v. Bowen,* 855 F.2d 37, 43–45 (2d Cir.1988).

For the reason set forth above, Smith's motion for fees under the EAJA is denied and the motion for fees under the Act is granted.

It is so ordered.

1. The Secretary was not empowered to review Smith's eligibility for the benefits. Since Smith's cause of action centered on eligibility, the remand was not a significant part of the case, and the judgment was final for EAJA purposes on April 21, 1989. *See Skip Kirchdorfer, Inc. v. United States,* 803 F.2d 711 (Fed.Cir.1986) (where remand is for a significant part of the

case, the judgment of the court is not final for EAJA purposes); *see also Martindale v. Sullivan,* 890 F.2d 410, 412 (11th Cir.1989) (where Secretary cannot exercise independent decisionmaking authority on remand, and must merely carry out the decision of the court, the court's decision is the final judgment for EAJA purposes).