Lyla SPARLING, Plaintiff,

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.

No. 90–CV–814.

United States District Court, N.D. New York.

March 2, 1992.

Peter W. Hill, Oneonta, N.Y., for plaintiff.

Frederick J. Scullin, Jr., U.S. Atty., William H. Pease, Asst. U.S. Atty., Syracuse, N.Y., for defendant.

MEMORANDUM—DECISION
AND ORDER

McCURN, Chief Judge.

INTRODUCTION

Plaintiff moves for an award of attorney's fees against the Secretary of Health

and Human Services ("Secretary") pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Plaintiff commenced a civil action in this court pursuant to 42 U.S.C. section 405(g) for judicial review of the Secretary's decision that plaintiff was not under a disability and therefore was not entitled to Title II benefits. This court, adopting the Magistrate's report-recommendation, remanded this matter to the Secretary for "proceedings consistent with the Magistrate Judge's Report." *See* Order dated April 17, 1991. On remand, the Administrative Law Judge ("ALJ") issued a decision on September 25, 1991, in which he concluded that plaintiff was entitled to a period of disability commencing December 31, 1987, and to disability insurance benefits under the Social Security Act. *See* ALJ's Decision dated September 25, 1991. Plaintiff submitted her request for attorney's fees on December 20, 1991. Defendant opposes this request for attorney's fees on the grounds that plaintiff's attorney failed to file this petition within the statutory time limit. In the alternative, defendant argues that should this court find that the petition was timely, plaintiff is not entitled to fees for the time spent at the administrative level subsequent to this court's remand. *See* Defendant's Memorandum of Law at 1.

## BACKGROUND [1]

The parties do not dispute the procedural history of this matter. Plaintiff filed her first application for disability insurance benefits on January 18, 1983. This application was denied initially and on reconsideration. Plaintiff did not seek an administrative hearing. Subsequently, plaintiff filed a second application for benefits on July 26, 1984. Like her first application, this one was denied initially and on reconsideration. This time, however, plaintiff requested a hearing which was held on April 24, 1985. The ALJ denied plaintiff's claim in a decision dated May 14, 1985. Plaintiff did not seek judicial review of this decision. On August 26, 1986, plaintiff filed a third application for benefits. Again her application

tion was denied initially. Plaintiff sought no further review of this application.

Finally, on March 7, 1988, plaintiff filed her fourth application for benefits. This is the application which is the subject of the present suit. This application, like her previous three, was denied initially and on reconsideration. Plaintiff requested a hearing which was held on November 8, 1988. The ALJ considered the case *de novo* and on September 27, 1989, concluded that plaintiff was not under a disability. This decision became the Secretary's final decision when the Appeals Council denied plaintiff's request for review on May 23, 1990.

On July 23, 1990, plaintiff sought judicial review of this decision in this court. This court referred the case to a Magistrate pursuant to 28 U.S.C. section 636(b) and Local Rule 44(F). Subsequently, this court adopted the Magistrate's report-recommendation and remanded the matter to the Secretary on April 17, 1991, for further proceedings. On remand, the ALJ issued a decision on September 25, 1991, in which he found that plaintiff was entitled to a period of benefits beginning December 31, 1987.

Plaintiff submitted her request for attorney's fees on December 20, 1991. It is this request which is before this court today. Defendant opposes this application on the grounds that it is untimely. In the alternative, defendant urges that should this court determine that the application is timely, the court should not award plaintiff attorney's fees for the time spent at the administrative level subsequent to this court's remand.

## DISCUSSION

■ The Equal Access to Justice Act, 28 U.S.C. section 2412, states in pertinent part:

(d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in

---

1. For purposes of this motion, the court adopts defendant's recitation of the procedural history of this matter.

addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), *including proceedings for judicial review of agency action,* brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

(B) A party seeking an award of fees and other expenses shall, *within thirty days of final judgment in the action,* submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, ... The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record ... which is made in the civil action for which fees and other expenses are sought.

28 U.S.C.A. § 2412(d)(1)(A), (B) (West 1991 Supp.) (emphasis added).

For purposes of this motion this court must determine, as a preliminary matter, what constitutes a final judgment within the meaning of the EAJA. This determination must be guided by the principles set forth in the Supreme Court's recent decision in *Melkonyan v. Sullivan,* — U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991). In *Melkonyan* the Court held that a " 'final judgment' for purposes of § 2412(d)(1)(B) means a *judgment rendered by a court that terminates the civil action* for which EAJA fees may be received." *Id.* at ——, 111 S.Ct. at 2162, 115 L.Ed.2d at 91 (emphasis added). Thus, under this standard, a judgment, to be considered final, must meet two requirements. First, it must be rendered by a court, as opposed to an administrative agency. Secondly, it must terminate the civil action for which EAJA fees are sought.

 Defendant argues that in light of *Melkonyan* this court's remand order of

April 17, 1991, constitutes the final judgment in this matter and thus it is the relevant measuring date for purposes of an EAJA application. *See* Defendant's Memorandum of Law at 3. Plaintiff, on the other hand, contends that the ALJ's September 25, 1991, decision is the final judgment in this case and thus it is the appropriate date from which to measure the timeliness of her application. *See* Plaintiff's Memorandum of Law at 2. Obviously, the Supreme Court's decision in *Melkonyan* forecloses plaintiff's argument because the ALJ's decision is not a "judgment rendered by a court." *See Melkonyan,* — U.S. at ——, 111 S.Ct. at 2162, 115 L.Ed.2d at 91. However, this does not necessarily mean that defendant's choice of April 17, 1991, as the relevant date is correct.

In order to determine whether or not this court's April 17, 1991, remand order constitutes a final judgment for purposes of the EAJA, it is helpful to review the facts present in *Melkonyan.* In that case, the plaintiff had filed a civil action pursuant to 42 U.S.C. section 405(g) for judicial review of the Secretary's decision that he was not entitled to disability benefits. *Melkonyan,* — U.S. at ——, 111 S.Ct. at 2163, 115 L.Ed.2d at 91. Without ruling on the correctness of the Secretary's decision, the court remanded the case for further administrative proceedings. *Id.* On remand, the Appeals Council awarded the plaintiff the disability benefits he sought. *Id.* Subsequent to this decision, neither the Secretary nor the plaintiff returned to the district court for entry of a final judgment. *Id.* The Supreme Court stated that given these facts the question was whether either party was entitled to do so. *Melkonyan,* — U.S. at ——, 111 S.Ct. at 2163, 115 L.Ed.2d at 91.

In order to answer this question, the Court looked to the language of 42 U.S.C. section 405(g) which states in pertinent part:

Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a re-

view of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.... [sentence 4] *The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing....* [sentence 6] *The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based....*

42 U.S.C.A. § 405(g) (West 1991) (emphasis added).

After reviewing this language, the Court concluded that section 405(g) authorizes only two kinds of remands—sentence four remands and sentence six remands. *Melkonyan,* —— U.S. at ——, 111 S.Ct. at 2163, 115 L.Ed.2d at 91. Based on this conclusion, the Court held that

> [i]n sentence four cases, the filing period begins after the final judgment ("affirming, modifying, or reversing") is entered by the court and the appeal period has run, so that the judgment is no longer appealable. See § 2412(d)(2)(G). In sentence six cases, the filing period does not begin until after the postremand proceed-

ings are completed, the Secretary returns to court, the court enters a final judgment, and the appeal period runs.

*Id.* at ——, 111 S.Ct. at 2165, 115 L.Ed.2d at 94.[2]

In this case, defendant argues that this court's remand order was a sentence four remand. *See* Defendant's Memorandum of Law at 10. Therefore, he concludes that the filing period began to run sixty days after the April 17, 1991, order when the appeal period had run and the judgment was no longer appealable. *See id.* Thus, plaintiff would have had to file her EAJA application no later than July 16, 1991. *See id.* n. 7.

This court agrees with defendant that this court's remand order was a sentence four remand. Under the plain language of this statute, this remand could not have been a sentence six remand. Sentence six specifically states that the court may make such a remand "on motion of the Secretary." *See* 42 U.S.C. § 405(g). In this case, the Secretary made no such motion. Rather, after plaintiff sought judicial review and asked this court to reverse the Secretary's decision, defendant answered the complaint and requested that the court dismiss the action. *See* Plaintiff's Complaint; Defendant's Answer. After reviewing the record, the Magistrate issued a report-recommendation, and this court remanded the matter based on the report-recommendation's conclusion that "remand to the Secretary [was] necessary for further consideration ..." *See* Magistrate's Report–Recommendation dated February 27, 1991, at 9. Accordingly, because the Secretary did not move for remand, by process of elimination, this court's remand order must have been a sentence four remand.

Although the court concludes that its April 17, 1991, order constitutes a sentence four remand, it does not agree with defendant that *Melkonyan* mandates that such a finding inevitably leads to the conclusion

---

**2.** The appeals period in a case in which the United States is a party is 60 days. Thus, in effect, the plaintiff has ninety days from the final judgment in which to submit an application for attorney's fees pursuant to the EAJA.

that this order is a final judgment for purposes of the EAJA. This court's disagreement with defendant stems from its interpretation of the language of the *Melkonyan* decision itself. First of all, after the Court in *Melkonyan* determined that upon the facts before it the Court could not "state with certainty that the remand in this case was, ..., a sentence six remand," *Melkonyan*, —— U.S. at ——, 111 S.Ct. at 2165, 115 L.Ed.2d at 95, the Court went on to say that

> [i]f, ..., this was *not* a sentence six remand, [thus, it would have to be a sentence four remand], it *may be that petitioner is not entitled to EAJA fees at all.* For example, if the court's order was, in effect, a dismissal under Fed. Rule Civ.Proc. 41(a), the District Court's jurisdiction over the case would have ended at that point, and petitioner would not have been a prevailing party 'in [a] civil action.' 28 U.S.C. § 2412(d)(1)(A). Under those circumstances [the court's order was a dismissal], the Secretary would not return to the District Court and petitioner would not be eligible to receive EAJA fees.

*Id.* (emphasis in the original).

This statement leads this court to believe that in those situations in which a court issues a sentence four remand but retains jurisdiction over the case, its sentence four remand does not necessarily constitute a final judgment for purposes of the EAJA. Furthermore, this conclusion is supported by the Supreme Court's statement in *Melkonyan* that its earlier decision in *Sullivan v. Hudson*, 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989), is not contrary to its finding that a sentence four remand is a final judgment for purposes of the EAJA. *See Melkonyan*, —— U.S. at ——, 111 S.Ct. at 2162, 115 L.Ed.2d at 91.

In *Hudson* the issue before the Court was whether a Social Security claimant was entitled to attorney's fees under the EAJA for representation which he received during administrative proceedings held pursuant to the district court's order remanding the action. *Hudson*, 490 U.S. at 879–80, 109 S.Ct. at 2251, 104 L.Ed.2d at 947–48.

Hudson had filed an application for benefits on September 9, 1981. *See id.* at 879–80, 109 S.Ct. at 2251, 104 L.Ed.2d at 947–48. This application and the subsequent appeal were denied. *See id.* Subsequently, Hudson sought a hearing before an ALJ. After this hearing, the ALJ concluded that Hudson was not disabled. *See id.* Hudson sought judicial review of this decision. The district court affirmed the ALJ's denial of benefits. *See id.* at 881–82, 109 S.Ct. at 2252, 104 L.Ed.2d at 948–49. However, the Court of Appeals reversed and instructed the district court to remand the matter for further consideration. *See id.* After the district court's remand, the ALJ determined that Hudson had been disabled. On October 22, 1986, the Appeals Council adopted the ALJ's recommendation and this became the final judgment of the Secretary. *See id.* Subsequently, on December 11, 1986, the district court, pursuant to the Secretary's motion, dismissed the petitioner's action for judicial review on the grounds that after the remand order Hudson had obtained all the relief she had sought. Nevertheless, the district court retained jurisdiction over the action for the limited purpose of considering a petition for attorney fees. *See id.* Hudson then filed a fee application which the district court denied because it found that the Secretary's position was substantially justified. *See id.* The Court of Appeals reversed and went on to consider whether the award could include attorney's fees for work done at the administrative level after remand. *See id.* at 883–84, 109 S.Ct. at 2253, 104 L.Ed.2d at 949–50. After hearing arguments on both sides, the Court of Appeals concluded that the award could include fees for such work. *See id.*

The Court in *Hudson* stated that in situations in which the court's remand for further administrative proceedings does not dictate receipt of benefits, the claimant will not attain "prevailing party" status within the meaning of section 2412(d)(1)(A) until after the results of the administrative proceedings are known. *Hudson*, 490 U.S. at 885–86, 109 S.Ct. at 2254, 104 L.Ed.2d at 950–51. The Court went on to say that under such circumstances

[f]or *purposes of the EAJA,* the Social Security claimant's status as a prevailing party and the *final judgment in her 'civil action ... for review of agency action'* are often *completely dependent on the successful completion of the remand proceedings* before the Secretary. Moreover, the *remanding court continues to retain jurisdiction over the action within the meaning of the EAJA,* and may exercise that jurisdiction to determine if its legal instructions on remand have been followed by the Secretary.

*Id.* at 887–88, 109 S.Ct. at 2255, 104 L.Ed.2d at 952 (emphasis added).

Therefore, the Court concluded that "where a court orders a remand to the Secretary in a benefits litigation and retains continuing jurisdiction over the case pending a decision from the Secretary which will determine the claimant's entitlement to benefits, the proceedings on remand are an integral part of the 'civil action' for judicial review ..." *Id.* at 892–93, 109 S.Ct. at 2258, 104 L.Ed.2d at 955–56. Accordingly, the Court held that "[w]here administrative proceedings are intimately tied to the resolution of the judicial action and necessary to the attainment of the results Congress sought to promote by providing for fees, they should be considered *part and parcel of the action* for which fees may be awarded." *Id.* (emphasis added).

When read together, the Supreme Court's decisions in *Melkonyan* and *Hudson* lead this court to believe that there are two types of sentence four remands. First are those in which the court retains jurisdiction over the case pending the *Secretary's determination* upon remand of plaintiff's entitlement to benefits. Second are those in which the *court determines* plaintiff's entitlement to benefits and remands to the Secretary for administrative purposes only, such as the calculation of benefits. In the latter case, because plaintiff has received the benefits for which she sought judicial review at the time the court issues its remand order, this remand order constitutes a final judgment. Thus, the

time to file an application for attorney's fees pursuant to the EAJA begins to run at the point in time at which the remand order is no longer appealable.

On the other hand, in the former case the proceedings on remand are an integral part of the civil action. It is these proceedings which will determine whether or not plaintiff is entitled to the benefits for which she sought judicial review. Therefore, the time to file an application for attorney's fees does not begin to run until after the district court accepts, rejects or modifies the Secretary's decision on remand and issues a final order dismissing plaintiff's civil action.

Moreover, this interpretation of *Hudson* and *Melkonyan* is consistent with the decision of another court in this circuit which has previously considered this issue. Although this decision was rendered prior to *Melkonyan,* its reasoning is still instructive for cases similar to the present one. In *Smith v. Sullivan,* 739 F.Supp. 812 (S.D.N.Y.1990), the court was faced with a situation in which, during the pendency of a section 405(g) action, the parties stipulated and filed an order pursuant to a settlement agreement in which both parties agreed to remand "solely for the calculation of benefits" to which the plaintiff was found to be entitled. *See id.* at 813. Based on this settlement agreement, the court dismissed the case with prejudice on April 21, 1989. *See id.* On February 2, 1990, the petitioner filed a motion for attorney's fees. In its discussion of what constituted a final judgment for purposes of the EAJA, the court stated that "[t]he reference point for attorney's fees for EAJA purposes is where the plaintiff prevails in his or her action to obtain benefits because *'obtaining benefits ... is the object of a social security claimant's litigation.' "Id.* (citing *McGill v. Secretary of Health and Human Servs.,* 712 F.2d 28, 30 (2d Cir.1983)) (emphasis added). Since plaintiff had received the benefits she sought at the time of the April 21, 1989, stipulation, the court concluded that its dismissal order of that date constituted a final judgment for purposes of the EAJA. Accordingly, the

court found plaintiff's application to be untimely.

■ In the present case, this court did not remand the matter for the calculation of benefits only. The Magistrate's report-recommendation, as accepted by this court, did not determine that plaintiff was entitled to the benefits she sought and for which she commenced her civil action in this court. Rather, this report-recommendation concluded that "[t]he ALJ did not adequately consider the treating physician's opinions of disability ..." *See* Magistrate's Report–Recommendation at 8. Based on this conclusion, the Magistrate found that "remand to the Secretary is necessary for further consideration of the treating physician's opinion and, if necessary, for a determination of what specific jobs in the national economy, if any, plaintiff can perform." *Id.* at 9. Therefore, the court concludes that it was the administrative proceedings after remand which determined that plaintiff was entitled to the benefits she sought and thus they were "intimately tied to resolution of the judicial action" pending in this court and were "part and parcel" of plaintiff's civil action. *See Hudson*, 490 U.S. at 887–88, 109 S.Ct. at 2255, 104 L.Ed.2d at 952. As such, this case fits within the narrow exception created by *Hudson* and recognized by the Supreme Court in *Melkonyan* to the general rule that, for purposes of the EAJA, sentence four remands are final judgments that trigger the running of the time within which a petitioner may file an EAJA application.

Having concluded that this court's April 17, 1991, remand order is not a final judgment for purposes of the EAJA, the court reaches the inevitable conclusion, despite defendant's assertion to the contrary, that at this time no final judgment has been entered in this case. Defendant contends that because "nothing in the court's order purported to retain jurisdiction, or in any other way lead [sic] plaintiff to believe that this was not a ruling dispositive of her claim," the court, by implication, has relinquished its jurisdiction. *See* Defendant's Memorandum of Law at 8. This argument

is neither convincing nor compatible with caselaw or Fed.R.Civ.P. 41 which governs dismissal. Under the terms of Rule 41, a dismissal can only occur (a) on motion by plaintiff or by stipulation, (b) by order of the court, or (c) on motion by the defendant for failure of the plaintiff to prosecute or comply with the rules of the court. *See* Fed.R.Civ.P. 41 (1991 Rev.Ed.). In this case, none of these factors are present. There has been no stipulation of dismissal, no failure to prosecute, and most importantly no order of this court specifically dismissing plaintiff's civil action for judicial review of the administrative proceeding which denied her disability benefits. Moreover, in the context of a Social Security claimant's application for benefits, this court previously has held that "[i]n order for there to be final judgment, the court must enter an order dismissing the case, and such order must be entered even if a plaintiff has been awarded benefits at the administrative level after a remand." *La Manna v. Secretary of Health and Human Servs.*, 651 F.Supp. 373, 375 (N.D.N.Y.1987).

Since no final judgment has been entered, plaintiff's application for EAJA fees is premature. This does not mean, however, that the court must dismiss this application. Rather it may be "treated as if it were filed during the thirty-day period following the final decision." *See* House Supplemental Report No. 99–120, Part II, *reprinted in,* 1985 U.S.Code Cong. & Admin.News 132, 151, 156 n. 26. Furthermore, a court may hold such an application in abeyance until one of the parties moves for dismissal of this action or the parties stipulate to such an order. *See La Manna,* 651 F.Supp. at 376. Therefore, the court instructs plaintiff to make such a motion within 10 days. If the United States has any objection to this motion, it has 5 days to respond. If there is no opposition within that time, the court will grant the motion to dismiss. In the alternative, the parties may, of course, stipulate to dismissal of this action.

Nevertheless, although the court finds that plaintiff's application for attorney's fees under the EAJA is timely, this does

not mean that plaintiff is automatically entitled to such fees. In order to be awarded attorney's fees pursuant to the EAJA, plaintiff must be a prevailing party; and the court must find that the United States' position was not substantially justified. 28 U.S.C. § 2412(d)(1)(A). The court cannot determine from the papers before it whether or not these two prerequisites have been fulfilled. Therefore, the court instructs plaintiff to submit a memorandum of law to the court on this issue within 15 days of the dismissal order or stipulation. Defendant will then have 10 days to respond. Finally, in accordance with *Hudson*, should the court conclude that plaintiff is entitled to attorney's fees, such an award will include fees for the work done at the administrative level subsequent to this court's remand.

### CONCLUSION

The court concludes that its April 17, 1991, remand order was a sentence four remand within the meaning of 42 U.S.C. section 405(g). However, because this order fits within the narrow *Hudson* exception to the general rule that such a remand order is a final judgment for purposes of the EAJA, the court concludes that no final order has been issued in this matter. Therefore the court instructs plaintiff to move for dismissal within ten (10) days of this order if the parties are unable to stipulate to such a dismissal within this time. The court will hold plaintiff's application for attorney's fees in abeyance until such time as this action is dismissed.

Once this action has been dismissed, the court will consider plaintiff's application for attorney's fees. Plaintiff is entitled to such an award only if she is a prevailing party and the government's position was not substantially justified. In order for the court to make its determination, the court instructs the plaintiff to submit a memorandum of law outlining her arguments with respect to her entitlement to such an award within fifteen (15) days of the dismissal order or stipulation. The Government will have ten (10) days within which to submit a memorandum of law in opposition to such an award. Finally, should the

court conclude that plaintiff is entitled to attorney's fees, the award will include fees for work done at the administrative level subsequent to this court's remand.

IT IS SO ORDERED.