Henry ANDERSON, Plaintiff,

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.

No. 91–CV–293.

United States District Court, N.D. New York.

Sept. 10, 1992.

Gregory L. Kordic, Cleveland, Ohio, for plaintiff.

Gary L. Sharpe, U.S. Atty., William H. Pease, Asst. U.S. Atty., N.D.N.Y., Syracuse, N.Y., for defendant.

## MEMORANDUM–DECISION AND ORDER

MUNSON, Senior District Judge.

Presently before the court is plaintiff's application pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), for an award of attorney's fees and costs incurred by him in this civil action against the Secretary of Health and Human Services. The motion, returnable February 24, 1992 in Albany, New York, was taken on submission at the request of the parties. For the reasons stated below, the court shall hold plaintiff's motion in abeyance pending the Secretary's decision on remand.

## I. BACKGROUND

Briefly, plaintiff filed this action pursuant to the Social Security Act ("SSA"), 42 U.S.C. § 405(g), seeking review of the Secretary's final decision that he is not disabled for purposes of entitlement to disability insurance benefits and eligibility for Supplemental Security Income. Complaint, Document ("Doc.") 1. On December 5, 1991 the parties stipulated to remand this action to the Secretary for further administrative proceedings, and expressly designated the remand as a sentence four remand constituting a final judgment under *Melkonyan v. Sullivan*, —— U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991). The stipulation was so ordered by Magistrate Judge Ralph W. Smith and filed on December 13, 1991. Stipulated Order of Remand, Doc. 8.

On January 14, 1992 plaintiff filed the instant application for attorney's fees, asserting that he is a prevailing party and that the Secretary's decision regarding his status was not substantially justified on procedural or substantive grounds. Tracking the language of § 2412(d)(1)(A), plaintiff also asserts that there are no special circumstances which make an award of attorney's fees unjust. Plaintiff's Motion, Doc. 9, at 5. Plaintiff contends that his counsel reasonably spent 25 hours and that an hourly rate of $153.93 is appropriate to reflect a 105% increase in the Consumer Price Index ("CPI") from October 1, 1981, when the statutory rate of $75.00 an hour was set, to July 1, 1991. *Id.* at 1–2. Therefore, plaintiff requests an award of $3,848.25 in attorney's fees and $37.00 in costs.

The Secretary's opposition to the motion focuses on his contention that, although plaintiff's motion is timely filed under § 2412(d)(1)(B) and *Melkonyan*, the determination of whether plaintiff is a prevailing party must await the completion of the administrative proceedings on remand. Defendant's Memorandum of Law, Doc. 11, at 3. The Secretary argues that plaintiff does not attain "prevailing party" status merely because a court has remanded the action to the Secretary for further proceedings, particularly where the Secretary stipulates to the remand as in this case. If the court disagrees, however, the Secretary asserts that the hourly rate requested by plaintiff is excessive and must be reduced. The Secretary challenges plaintiff's use of the "Personal Expenses" and "Legal Services" indexes of the CPI rather than the "All Items" index to calculate the appropriate cost of living increase. *Id.* at 9. Citing extensive case law in support of the latter index as the proper index for adjusting the statutory rate of $75.00 an hour, the Secretary argues that if plaintiff's motion is granted counsel should be paid at an hourly rate of $108.89. *Id.*

## II. DISCUSSION

The definition of a prevailing party for purposes of an EAJA application for attorneys fees on a § 405(g) claim was well established in this Circuit and throughout the country prior to the Supreme Court's decision in *Melkonyan*. The Second Circuit held that "a social security claimant

whose case is remanded to the Secretary for further evidence is not a prevailing party." *McGill v. Secretary of Health and Human Services*, 712 F.2d 28, 31 (2d Cir.1983); *see also Marziliano v. Heckler*, 728 F.2d 151, 155 (2d Cir.1984). Elaborating on this definitive ruling, the *McGill* court stated:

> [G]enerally speaking, a social security claimant prevails when it is determined that she is entitled to benefits.... While it is true that a favorable ruling on plaintiff's procedural claim that the ALJ should have conducted a more thorough hearing may ultimately affect the outcome on the merits of plaintiff's disability claim, nevertheless, her procedural claim in not a matter on which plaintiff can be said to prevail for the purpose of shifting counsel fees.

*McGill*, 712 F.2d at 31–32. The Supreme Court has also recognized that where "a court's § 405(g) remand to the Secretary for further proceedings does not necessarily dictate the receipt of benefits, the claimant will not normally attain 'prevailing party' status until after the result of the administrative proceeding is known." *Sullivan v. Hudson*, 490 U.S. 877, 886, 109 S.Ct. 2248, 2255, 104 L.Ed.2d 941 (1989). Rather, "in order to be considered a prevailing party, a plaintiff must achieve some of the benefit sought in bringing the action." *Id.* at 887, 109 S.Ct. at 2255 (citing *Texas State Teachers Ass'n v. Garland Independent School Dist.*, 489 U.S. 782, 791–93, 109 S.Ct. 1486, 1492–93, 103 L.Ed.2d 866 (1989) (civil rights context)); *see also Hewitt v. Helms*, 482 U.S. 755, 760, 107 S.Ct. 2672, 2675, 96 L.Ed.2d 654 (1987) (prisoner's civil rights context). The *Hudson* Court went on to rule that, once the result of the administrative proceeding is known, a successful claimant may receive attorney's fees both for the civil action in court and for the administrative proceeding on remand where such proceeding is "intimately tied to the resolution of the judicial action," thereby making it "part and parcel of the action for which fees may be awarded." *Sullivan v. Hudson*, 490 U.S. at 888, 109 S.Ct. at 2255. The Court noted that this is particularly so in the Social Security con-

text where " 'a formal complaint within the jurisdiction of a court of law' remains pending and depends for its resolution upon the outcome of the administrative proceedings." *Id.* at 892, 109 S.Ct. at 2257.

In *Sullivan v. Finkelstein*, 496 U.S. 617, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990), the Supreme Court only briefly mentioned the attorney's fee issue in holding that a § 405(g) remand under sentence four is immediately appealable as a final judgment. Distinguishing it's holding in *Sullivan v. Hudson* that the administrative proceeding on remand is "part and parcel of the action for which fees may be awarded," the Court in *Finkelstein* stated that this does not mean the administrative proceeding is " 'part and parcel' of a civil action in federal court for all purposes." *Finkelstein*, 496 U.S. at 630–31, 110 S.Ct. at 2666–67. Rather, the district court's sentence four remand order is by statute a final judgment terminating the civil action, which makes it immediately appealable just as the final judgment is in any other civil action. *Id.* at 625, 630, 110 S.Ct. at 2663, 2666. Nonetheless, the Court reiterated that even if a Social Security claimant obtains a remand from the district court he "would not be a 'prevailing party' for purposes of the EAJA until the result of the administrative proceeding held on remand [is] known." *Id.* at 630, 110 S.Ct. at 2666 (citing *Sullivan v. Hudson*, 490 U.S. at 886, 109 S.Ct. at 2254).

In yet another attempt to clarify the relationship between EAJA attorney's fees and remands under § 405(g), the Supreme Court last year decided *Melkonyan v. Sullivan*, 500 U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991). The Court ruled that there are only two types of remands under § 405(g), and that the correct time for filing an EAJA application depends upon the type of remand ordered by the district court. Specifically, the Court held:

> [I]n § 405(g) actions, remand orders must either accompany a final judgment affirming, modifying, or reversing the administrative decision in accordance with sentence four, or conform with the requirements outlined by Congress in

sentence six. Construing remand orders in this manner harmonizes the remand provisions of § 405(g) with the EAJA requirement that a "final judgment" be entered in the civil action in order to trigger the EAJA filing period. 28 U.S.C. § 2412(d)(1)(B). In sentence four cases, the filing period begins after the final judgment ("affirming, modifying, or reversing") is entered by the court and the appeal period has run.... In sentence six cases, the filing period does not begin until after the postremand proceedings are completed, the Secretary returns to court, the court enters a final judgment, and the appeal period runs.

*Melkonyan*, 500 U.S. at ——, 111 S.Ct. at 2165. Because the district court did not specify which type of remand it had ordered and the Supreme Court could not determine with certainty which type it was, the Court vacated and remanded the action for further proceedings. In dicta the Court noted that if the district court's remand was under sentence six, the claimant would be entitled to attorney's fees unless the Secretary's original position denying the benefits was substantially justified. If, however, the district court's order was in effect a dismissal under Fed.R.Civ.P. 41(a) based on the parties' joint request to remand, then the claimant would not be eligible for attorney's fees under the EAJA because he was not a prevailing party. *Id.* The Supreme Court did not expressly discuss the claimant's eligibility for attorney's fees if the district court's remand was a sentence four modification or reversal of the Secretary's original decision.

Numerous courts have addressed the EAJA attorney's fees issue in the context of a sentence four remand since *Melkonyan* was decided. The results are quite splintered, ranging from a decision that a sentence four remand to the Secretary qualifies plaintiff as a prevailing party for purposes of an EAJA application even before the administrative proceedings on remand are completed, *e.g., Audette v. Secretary of Health and Human Services*, 776 F.Supp. 84, 91 (D.R.I.1991), to a decision that a subcategory of cases exists in which the district court's sentence four remand

contemplates retaining jurisdiction until the administrative proceedings are completed to ensure that the Secretary complies with the court's instructions on remand, whereupon final judgment shall be entered as appropriate and only then does the EAJA filing period begin to run, *e.g., Gutierrez v. Sullivan*, 953 F.2d 579, 583–84 (10th Cir. 1992). *See generally Heredia v. Secretary of Health and Human Services*, 783 F.Supp. 1550 (D.Puerto Rico 1992) (and cases cited therein). The Second Circuit has not yet ruled on the issue, although at least one court in this Circuit identifies two types of sentence four remands similar to the subcategories recognized in *Gutierrez:* those for which the court retains jurisdiction pending the Secretary's determination on remand of plaintiff's entitlement to benefits, and those for which the court determines plaintiff's entitlement to benefits and remands only for administrative purposes such as the calculation of actual benefits. *Sparling v. Sullivan*, 785 F.Supp. 312, 317 (N.D.N.Y.1992) (McCurn, C.J.).

In the instant case, the parties' Stipulation of Remand by its express terms is designated as a sentence four remand constituting a final judgment under *Melkonyan*. Having effectively entered final judgment by so ordering the Stipulation of Remand, the court cannot now retain jurisdiction of the case and enter another final judgment after the Secretary's determination on remand as suggested in *Gutierrez* and *Sparling*. Neither can the court render a decision at this time on plaintiff's EAJA application because, while plaintiff's EAJA application was timely filed pursuant to 28 U.S.C. § 2412(d)(1)(B), plaintiff has not attained prevailing party status as required by § 2412(d)(1)(A) to justify shifting fees and costs to the Secretary. *See Finkelstein*, 496 U.S. at 630, 110 S.Ct. at 2666; *Hudson*, 490 U.S. at 886, 109 S.Ct. at 2254; *McGill*, 712 F.2d at 31–32. The court will therefore hold plaintiff's motion in abeyance pending the Secretary's determination on remand, such that prevailing party status may be properly determined before the court issues a decision on the EAJA application. *Cf. Linkins v. Sullivan*, 779

F.Supp. 1324 (M.D.Fla.1991) (noting that EAJA application filed upon obtaining remand would be premature because plaintiff has not yet established entitlement to benefits on merits of claim). The parties are directed to notify the court within thirty (30) days of their receipt of the Secretary's decision on remand, and to file within the same thirty (30) days any supplemental papers necessary to complete the record and assist the court in rendering its decision on plaintiff's EAJA application.

It is So Ordered.